RUTH P. BUNYAN IRA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bunyan v. Commissioner
Docket No. 19194-90
United States Tax Court
T.C. Memo 1991-371; 1991 Tax Ct. Memo LEXIS 425; 62 T.C.M. (CCH) 394; T.C.M. (RIA) 91371; August 8, 1991, Filed *425 John Harrison Wegge, for the petitioner. Donna F. Herbert, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM OPINION This case was assigned for the purpose of disposing of respondent's Motion to Correct Caption. We have determined that it is also necessary to consider on our own motion whether this case should be dismissed for lack of jurisdiction. On May 25, 1990, respondent determined a deficiency in income tax for the taxable year 1986 in the amount of $ 12,812, plus additions to tax under sections 6651(a)(1), [1] 6653(a)(1)(A), 6653(a)(1)(B), and 6654(a). The notice of deficiency was addressed to RUTH P. BUNYAN IRA and sent to 18720 Celtic Street, Northridge, California 91326-2710. A timely petition was filed with this Court titled as set forth above in which it was alleged that "The petitioner is an IRA account for the benefit of Ruth P. Bunyan * * *." The petition is signed by John Harrison Wegge as attorney for petitioner. Respondent's answer denies that allegation and alleges that petitioner is an individual residing at the address shown on the notice of deficiency. On December 20, 1990, respondent moved to change the caption by deleting *426 the letters "IRA" from the caption. Petitioner opposes the motion, and contends that respondent improperly determined a deficiency against an individual retirement account. The second page of the notice of deficiency contains the information that (1) the tax form in question was a Form 1040; (2) the filing status was "single;" (3) income was determined by the indirect method; and (4) an exemption of $ 1,080 was allowed. Another page of the notice of deficiency reflects that the determination of income included wages paid to Ruth P. Bunyan of $ 48,944 and interest paid to Ruth P. Bunyan (and/or Bruce A. Bunyan) from three different sources totalling $ 914. None of this information pertains to an individual retirement account. We conclude that respondent made a determination of deficiency in income tax with respect to an individual taxpayer *427 whose name is Ruth P. Bunyan. The addition of the letters "IRA" in the address (and other references to the taxpayer) represent an inconsequential, administrative error. [2]
Petitioner's counsel went to great lengths to show that respondent, in fact, made an audit of an individual retirement account. But all that petitioner's counsel demonstrated was that the notice of deficiency was not sent to him as requested in a power of attorney (on behalf of Mrs. Bunyan) submitted to respondent, or to the address of Mrs. Bunyan as shown in the power of attorney. Neither contention would invalidate the notice of deficiency. Failure *428 to send a copy of a notice of deficiency to a designated representative under a power of attorney does not invalidate the notice. ; ; . A timely filed petition cures any defect in the address in the notice of deficiency. . Moreover, the address of an alleged individual retirement account could not logically have been petitioner's residence. Section 408, which governs the rules for individual retirement accounts, provides, in part, that an individual retirement account means a trust (sec. 408(a)), and the trustee must be "a bank * * * or such other person who demonstrates to the satisfaction of the Secretary that the manner in which such other person will administer the trust will be consistent with the requirements of [section 408]." Sec. 408(a)(2). Obviously, the trustee cannot be the taxpayer. Thus, if the individual retirement account was the target of respondent's audit, the notice of deficiency would have been sent to, *429 and petitioner would be, the trust; e.g. Ruth P. Bunyan Individual Retirement Account, First Nationwide Savings, Trustee, 700 Market Street, San Francisco, California 94102. See Rule 23(a)(1). We conclude that respondent's motion has merit and, accordingly, the caption of this case should be changed to "Ruth P. Bunyan, petitioner v. Commissioner of Internal Revenue, respondent," if Ruth P. Bunyan is the petitioner. In view of the allegation in the petition, it is unclear at this point who (or what) the petitioner is, and who (or what) is being represented by John Harrison Wegge. Compare Rules 34(b)(1) and 33(b). If he is counsel for Ruth P. Bunyan, respondent's motion should be granted. If, on the other hand, he is counsel for "an IRA account for the benefit of Ruth P. Bunyan," the petition was not filed by a proper petitioner. The trustee of an IRA account is not the proper party to contest a determination of a deficiency of an individual's income tax, and this case should be dismissed for lack of jurisdiction on the grounds that no valid petition was filed. In that regard no useful purpose would be served by granting respondent's motion. Nevertheless, in the interest *430 of justice, we will issue an order granting Ruth P. Bunyan permission to file a motion for leave to file an amended petition (lodging therewith an appropriate amended petition) setting forth therein cogent grounds to establish that the petition was in fact her petition, and that she always intended to contest respondent's determination of income tax liability for 1986 on its merits. See Rule 60(a)(1). To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We also note that the letters "IRA" can also be a name. We acknowledge that IRA or I.R.A. have become accepted acronyms referring to individual retirement accounts. However, the use of those three letters does not indicate that an individual retirement account was contemplated. Respondent merely used the wrong last name↩, but the correct social security number, residence address, etc.